## CITY OF STOCKTON, Appellant, v. C. M. CREANOR, Respondent.

### No. 3750; April 30, 1873.

**Street Improvements—Authority of Committee of Council.**—The charter of Stockton, by authorizing the common council of the city to cause streets to be graded and to let contracts in that connection, conferred no such authority upon a committee of that body.

**Street Improvements—Committee Exceeding Authority—Curative Act.**—Such an irregularity as the assuming by a committee of

the common council of Stockton of the functions of the whole body under the charter, in causing streets to be graded and letting contracts for the grading, is not cured by the act of 1870 reincorporating the city.

APPEAL from Fifth Judicial District, San Joaquin County.

Byers & Elliott for appellant; D. S. Terry for respondent.

See City of Stockton v. Creanor, 45 Cal. 247.

By the COURT.—The bid sent in by Myers was a bid for the entire work, and not for separate blocks, as required by the ordinance. No express contract was entered into between the city and Myers, but the street committee accepted his bid for the grading of the street along eight out of the nine blocks mentioned in the ordinance. The city charter authorizes the common council to cause the streets to be graded, and for that purpose to let contracts, etc., but this authority is not conferred upon a committee of the common council by the charter nor by ordinance, even if it be conceded that such authority may be delegated by the common council. The provision of the charter that the common council may reject all bids prohibits by implication the exercise by a committee of the power to accept a bid and award a contract. We are of the opinion that the bid must be accepted and the contract awarded by the common council.

These irregularities in respect to the bid and the award of the contract are not cured by the provisions of section 55 of the act of 1870, to reincorporate the city of Stockton (Stats. 1869–70, p. 608), for the decision of the board of equalization is final and conclusive only in respect to "all errors and irregularities which said board could have remedied and avoided" on an appeal to the board as in that section provided. The board could not then correct either of those irregularities. Nor are those irregularities corrected by the provisions of section 40 of that act, respecting the delinquent list; for that section provides that such list shall be evidence of the matters therein recited; but as it is not declared to be conclusive evidence of those matters, it does not preclude the lot owner from showing and relying upon a substantial error in the prior proceedings.

Judgment affirmed.